1

2

3

4

5                  UNITED STATES DISTRICT COURT

6                  NORTHERN DISTRICT OF CALIFORNIA

7

8   NELSON ALEXANDER TRUJILLO,            No. C 11-2309 SI (pr)

9            Petitioner,                  **ORDER OF DISMISSAL**

10       v.

11  RANDY GROUNDS, warden,

12           Respondent.
                                        /
13

14       Nelson Alexander Trujillo filed a pro se petition for writ of habeas corpus pursuant to 28

15  U.S.C. § 2254 in which he claimed that a November 18, 2009 decision by the Board of Parole

16  Hearings that found him not suitable for parole violated his right to due process because it was

17  not supported by sufficient evidence.  A new decision from the U.S. Supreme Court requires that

18  the petition be summarily dismissed.

19       A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground

20  that he is in custody in violation of the Constitution or laws or treaties of the United States.'"

21  Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (citation omitted).   The court may not grant

22  habeas relief for state law errors. Id.

23       The Supreme Court explained that the only  procedural protections that the Supreme

24  Court had previously held a parole applicant prisoner was entitled to under the Due Process

25  Clause of the Fourteenth Amendment to the U.S. Constitution were an opportunity to be heard

26  and a statement of the reasons why parole was denied. Cooke, 131 S. Ct. at 862.  This led the

27  Court to explain that, for purposes of claims of federal habeas review, a California prisoner is

28  entitled to only "minimal" procedural protections in connection with a parole suitability

1  determination.  For federal habeas purposes, the procedural protections required in connection

2  with a parole suitability determination are limited to an opportunity to be heard and a statement

3  of the reasons why parole was denied.  See id.; see also Miller v. Oregon Bd. of Parole and Post-

4  Prison Supervision, No. 07-36086, slip op. 5315, 5326 (9th Cir. Apr. 25, 2011) ("The Supreme

5  Court held in Cooke that in the context of parole eligibility decisions the due process right is

6  *procedural*, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons

7  for a parole board's decision[.]"); Roberts v. Hartley, No. 10-15760, slip op. 5001, 5009 (9th Cir.

8  Apr. 12, 2011) (due process claim fails because petitioner "received all of the process to which

9  he was due under the applicable tests" of Cooke and Greenholtz v. Inmates of Neb. Penal and

10  Correctional Complex, 482 U.S. 369 (1987)); Pearson v. Muntz, No. 08-55728, slip op. 4497,

11  4508 (9th Cir. Apr. 5, 2011) (petitioner "has not questioned whether those procedures [in Cooke]

12  were provided, and therefore, after Cooke, [federal court's] inquiry is at its end").  The Court

13  explained that no Supreme Court case "supports converting California's 'some evidence' rule

14  into a substantive federal requirement," Cooke, 131 S. Ct. at 861, and the Ninth Circuit erred in

15  holding otherwise.  Trujillo's efforts to distinguish Cooke are not persuasive.

16       In light of the Supreme Court's determination that the constitutionally-mandated

17  procedural protections for which federal habeas relief is available do not include a requirement

18  that there be some evidence (or any other amount of evidence) to support the parole denial, the

19  petition for writ of habeas corpus is DISMISSED.

20       A certificate of appealability will not issue because petitioner has not made "a substantial

21  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This is not a case in

22  which "reasonable jurists would find the district court's assessment of the constitutional claims

23  debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

24

25

26

27

28

2

1    In light of the dismissal of the petition, Trujillo's request for appointment of counsel is

2 DENIED.  (Docket # 3.)  Trujillo's <u>in forma pauperis</u> application is GRANTED.  (Docket # 2.)

3    The clerk shall close the file.

4    IT IS SO ORDERED.

5 DATED: June 19, 2011

SUSAN ILLSTON
6                                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3